## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **HEALTHCARE REAL ESTATE PARTNERS, LLC,** | **:** | |
| | **:** | |
| **Appellant,** | **:** | **CIVIL ACTION NO. 1:17-1555** |
| | **:** | |
| **v.** | **:** | **(JUDGE MANNION)** |
| | **:** | |
| **SUMMIT HEALTHCARE REIT, INC.,** *et al.,* | **:** | |
| | **:** | |
| **Appellees.** | **:** | |

## MEMORANDUM

Pending before the court is the bankruptcy appeal of appellant Healthcare Real Estate Partners, LLC ("HCRE Partners").[1] HCRE Partners seeks the reversal of an Order of the Bankruptcy Court granting a Rule 12(b) motion to dismiss filed by appellees, Petitioning Creditors and Summit, with respect to HCRE Partners' adversary complaint against them seeking damages for alleged violations of the automatic stay pursuant to 11 U.S.C. §362(k). The Bankruptcy Court construed its Order dismissing the underlying Involuntary Bankruptcy Petition filed against HCRE Partners as limiting HCRE Partners' available remedies to damage claims under 11 U.S.C. §303(i). HCRE Partners essentially contends that the Bankruptcy Court's interpretation of its own Dismissal Order of the underlying bankruptcy case was not reasonable under the circumstances.

---

[1]The court uses the same abbreviations for the parties and the same definitions specified in appellant's brief, (Doc. 13), and shall not repeat them herein.

Based on the foregoing, the Order of the Bankruptcy Court will be **AFFIRMED** and HCRE Partners' appeal will be **DENIED**.

## I.    BACKGROUND

On September 16, 2015, Petitioning Creditors and Summit filed an Involuntary Bankruptcy Petition under Chapter 7 against HCRE Partners.[2] HCRE Partners contends that the petition was filed to remove it as manager of the Funds since Petitioning Creditors had invested in the Funds. The alleged attempt to remove HCRE Partners was based on a clause in the Funds' operating agreements which allowed for the removal of HCRE Partners if it ever became a debtor under the Bankruptcy Code. HCRE Partners did not timely respond to the Involuntary Bankruptcy Petition since it claimed that it did not receive proper notice of the Involuntary Petition. An Order for Relief was entered by the Bankruptcy Court on October 9, 2015. After the Bankruptcy Court issued its Order for Relief, the Petitioning Creditors removed HCRE Partners as manager of the Funds and elected Summit as the new manager of the Funds. Summit then decided to cancel the Funds.

On October 23, 2015, HCRE Partners filed a motion for relief, pursuant to Rules 55(c) and 60(b), from the Bankruptcy Court's Order for Relief entered in the Chapter 7 case. Petitioning Creditors objected to HCRE Partners'

---

[2]The Involuntary Bankruptcy Petition under Chapter 11 filed against HCRE Partners was docketed under case number 15-11931.

motion for relief on November 6, 2015. The Bankruptcy Court granted HCRE Partners' motion for relief after conducting an evidentiary hearing on January 6, 2016, and vacated its October 9, 2015 Order for Relief.

The Chapter 7 Involuntary Bankruptcy Petition filed against HCRE Partners was then reinstated. On March 4, 2016, Petitioning Creditors and Summit filed a motion to dismiss the Involuntary Petition against HCRE Partners. HCRE Partners opposed the motion to dismiss stating that it was reserving all its claims, and that it intended to seek "all damages caused by the involuntary petition and punitive damages pursuant to §§303(i) and 105(a)." HCRE Partners did not state in its objection that it would also seek damages under §362(k).

The Bankruptcy Court conducted a hearing on the dismissal motion on April 7, 2016. HCRE Partners did not consent to the dismissal of the Involuntary Petition and sought to reserve its rights and remedies, by stating on the record "just to be clear, we're reserving all of our rights, whatever they may be." The Bankruptcy Court granted the motion to dismiss and then dismissed the Involuntary Petition pursuant to an Order dated on April 18, 2016.The Order dismissing the Involuntary Petition ("BK Dismissal Order") stated, "Any motion made by Debtor [i.e., HCRE Partners] under 11 U.S.C. §303(i) shall be filed no later than 30 days after entry of this Order." In the preface of the BK Dismissal Order, it stated, in part, that "Debtor [i.e., HCRE Partners] having not consented to dismissal of the case and Debtor [i.e., HCRE Partners] not waiving its rights to seek judgment for all available

3

damages pursuant to §303(i)". The BK Dismissal Order also stated, in part, "that nothing herein shall limit Debtor's [i.e., HCRE Partners] right to seek damages, including without limitation, fees and costs, pursuant to 11 U.S.C. §303(i) or otherwise." In its Order, the Bankruptcy Court further stated that it "shall retain jurisdiction with respect to any matters related to or arising from or related to the implementation, enforcement or interpretation of this Order." (Doc. 16-11).

HCRE Partners then claimed that it was still owed over a $1,000,000 in past and future compensation as former manager of the Funds. HCRE Partners also contended that the stated actions of Petitioning Creditors and Summit occurred while the automatic stay was in effect with respect to the Involuntary Petition and that their actions violated the automatic stay under §362

Subsequently, on May 18, 2016, HCRE Partners initiated two proceedings, after the bankruptcy case was dismissed, against Petitioning Creditors and Summit. First, HCRE Partners filed a motion for damages under 11 U.S.C. §303(i) against Petitioning Creditors and Summit for actual and punitive damages due to the alleged bad faith filing of the Involuntary Bankruptcy Petition against it (the "303 Motion"). Second, HCRE Partners filed a complaint against the Petitioning Creditors and Summit for alleged violations of the automatic stay, pursuant to 11 U.S.C. §362(k), (the "362

Complaint"), during the pendency of the Involuntary Bankruptcy Petition. The 362 Complaint commenced an adversary proceeding.[3] (Doc. 16-13).

On July 28, 2017, Petitioning Creditors and Summit filed a motion to dismiss the 362 Complaint under Fed.R.Civ.P. 12(b). They asserted two arguments, to wit: (1) the Court's [BK Dismissal Order] specified that HCRE Partners could only seek relief for alleged damages under 11 U.S.C. §303(i) and, thus the doctrine of the law of the case precluded HCRE Partners from seeking damages for any alleged violations of the automatic stay; and (2) based on "the pendency of state court litigation between the parties and their affiliates pending in California [*See* Doc. 16-18] the Court should exercise its discretion under 28 U.S.C. §1334(c)(1) to permissively abstain from considering any alleged claims under Section 362(k) or any other relief outside of Section 303(i)." (Doc. 16-17). The motion to dismiss of Petitioning Creditors and Summit was then briefed.

The Bankruptcy Court conducted a hearing on September 27, 2017 regarding the motion to dismiss of Petitioning Creditors and Summit. (Doc. 16-22). On October 19, 2017, the Bankruptcy Court granted the motion to dismiss of Petitioning Creditors and Summit and entered a final order dismissing HCRE Partners' §362 adversary Complaint with prejudice. (Doc. 16-23). The Bankruptcy found that its prior order dismissing the Involuntary

---

[3]HCRE Partners' adversary complaint was docketed under case number 16-50981.

Bankruptcy Petition limited HCRE Partners' available remedies to damage claims under §303(i).

On November 1, 2017, HCRE Partners timely filed the instant appeal challenging the Bankruptcy Court's October 19, 2017 Order dismissing its 362 Complaint. (Doc. 1). On January 6, 2018, HCRE Partners filed its opening brief, (Doc. 13), and its appendix of the record, (Doc. 16). On February 26, 2018, Appellee Summit filed its brief in opposition and an appendix of exhibits. (Docs. 22 & 23). On March 13, 2018, HCRE Partners filed a reply brief. (Doc. 25).

## II.  LEGAL STANDARDS

This court has appellate jurisdiction over the Bankruptcy Court's October 19, 2017 Order dismissing HCRE Partners' §362 adversary Complaint with prejudice.[4] 28 U.S.C. §158(a)(1) (The district court has "jurisdiction to hear appeals from final judgments, orders, and decrees" of a bankruptcy court). When a district courts sits as an appellate court over a final order of a bankruptcy court, it reviews the bankruptcy court's legal determinations *de novo*, its findings of fact for clear error, and its exercise of discretion for abuse of discretion. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998). "[I]f a bankruptcy court's decision is a mixed question

---

[4]HCRE Partners' §362 adversary proceeding was a core proceeding pursuant to 28 U.S.C. §157(b), the Bankruptcy Court's dismissal order is final. *See* 28 U.S.C. §157(b)(1).

of law and fact," "[t]he court should 'apply a clearly erroneous standard to integral facts, but exercise plenary review of the court's interpretation and application of those facts to legal precepts.'" Shovlin v. Klaas, 555 B.R. 500, 503 (W.D.Pa. July 29, 2016) (internal citations omitted). The court's review of the granting of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)[5] is plenary or *de novo*. *See Black v. Montgomery Cty.*, 835 F.3d 358, 364 (3d Cir. 2009).

## III.    DISCUSSION

HCRE Partners essentially contends that it reserved all of its claims at the time that the Bankruptcy Court issued its BK Dismissal Order and, as such, it properly filed both its motion for damages under §303(i) as well as its complaint for damages under §326. HCRE Partners asserts that the language "or otherwise" in the Dismissal Order also allowed it to pursue any type of claim that it deemed appropriate. It also contends that even though "the 303 Motion and 362 Complaint share relevant facts and seek identical damages, the legal standard applicable to each claim is different." It explains that "[u]nder section 303(i),the Court *may* award HCRE Partners attorney's fees, costs, actual damages and punitive damages", and that "[u]nder section 362(k), the Court *shall* award HCRE Partners actual damages, including attorney's fees and costs, and *may* award HCRE Partners punitive damages."

[5]*See* FED. R. BANKR. P. 7012(b) (applying Federal Rule of Civil Procedure 12(b)(6) to adversary proceedings).

(emphasis original).

The law is clear that a district court sits as an appellate court in reviewing a final order of the bankruptcy court. In re Michael, 699 F.3d 305, 308 n. 2 (3d Cir. 2012). The court reviews "a Bankruptcy Court's interpretation of its own order for abuse of discretion only where the language of that order is ambiguous." In re Caribbean Petroleum Corp.,580 Fed.Appx. 82, 88 (3d Cir. 2014) (citing In re Shenango Grp. Inc., 501 F.3d 338, 346 (3d Cir. 2007)) The initial inquiry of whether a Bankruptcy Court's order is ambiguous is subject to *de novo* review. Caribbean Petroleum Corp.,580 Fed.Appx. at 86 (citing Shenango, 501 F.3d at 346). If the Bankruptcy Court's order is ambiguous, the court will review the reasonableness of the Bankruptcy Court's interpretation and should defer to this interpretation unless it is unreasonable under the circumstances. Id.; *see also* Shenango, 501 F.3d at 346. The Third Circuit also stated that "where the plain terms of a court order unambiguously apply, ... they are entitled to their effect." Id. (quoting Travelers Indem. Co. v. Bailey, 557 U.S. 137, 150, 129 S.Ct. 2195 (2009)). Thus, if the Bankruptcy Court's order is unambiguous, the court's review will be *de novo* to determine whether the Bankruptcy Court correctly interpreted its order. Id. at 88.

The Bankruptcy Court's challenged order is its October 19, 2017 Order granting the motion to dismiss of Petitioning Creditors and Summit with respect to HCRE Partners' 362 Complaint which was based on the Court's interpretation of its own Dismissal Order. HCRE Partners argues that the

8

Bankruptcy Court's BK Dismissal Order was unambiguous and that it provided "nothing herein shall limit [HCRE Partners'] right to seek damages ...." Here, the court finds that the Bankruptcy Court's BK Dismissal Order is ambiguous to the extent that it stated "nothing herein shall limit Debtor's [i.e., HCRE Partners] right to seek damages, including without limitation, fees and costs, pursuant to 11 U.S.C. §303(i) or otherwise." The court finds that Bankruptcy Court's BK Dismissal Order is ambiguous since, read in its entirety, it is fairly susceptible of different constructions. Despite the language cited by HCRE Partners, the BK Dismissal Order specifically referred to HCRE Partners' right to pursue all available damages pursuant to only §303(i) three times. Not once was a §362 complaint mentioned in the Order. Thus, the Bankruptcy Court's interpretation of its own Dismissal Order, reserving HCRE Partners' right to seek damages under §303(i), will be reviewed for an abuse of discretion.

Construed against the backdrop of the history of this case, the Bankruptcy Court's interpretation of its Dismissal Order was not an abuse of its discretion. The court also finds that the Bankruptcy Court's interpretation of its BK Dismissal Order is reasonable when read in the context of this case's history.

The Bankruptcy Court specifically held that HCRE Partners agreed to language in the BK Dismissal Order which only allowed it to pursue any relief under §303(i). The "or otherwise" language in the Dismissal Order, (Doc. 16-11), was found to mean that any claims HCRE Partners sought to raise had

9

to have a connection to claims under §303(i). The Bankruptcy Court found that it was simply interpreting the language of its BK Dismissal Order in granting Petitioning Creditors and Summit's motion to dismiss HCRE Partners' 362 Complaint. The Court also explained that based on HCRE Partners' allegations in its 303(i) motion, including its allegations of bad faith that Summit and Petitioning Creditors conspired to remove HCRE Partners as manager of the Funds by filing the Involuntary Petition against HCRE Partners, removing HCRE Partners as manager of the Funds, and electing Summit as the new manager of the Funds, HCRE Partners could pursue all of the damages it was seeking against Petitioning Creditors and Summit in its 303(i) motion. Thus, the Court found that HCRE Partners' 362 Complaint was not even needed. However, HCRE Partners states that different legal standards apply regarding its 303(i) motion and its 362 Complaint and that "the Court's discretion in awarding relief [under each section] is dramatically different."[6]  In any event, even though HCRE Partners argues that Petitioning

---

[6]To the extent that HCRE Partners argues in its brief the merits of its claim that Petitioning Creditors and Summit willfully violated the automatic stay by removing HCRE Partners as manager of the Funds "based upon an unenforceable *ipso facto* clause", citing to 11 U.S.C. §365(e)(1)(B), and claiming that "provisions in executory contracts based upon the filing of a bankruptcy case are unenforceable postpetition", the court does not consider this contention since it is beyond the purview of this appeal. As Petitioning Creditors and Summit state in their brief, "the issue on appeal relates solely to the propriety of the Bankruptcy Court's order dismissing the [362] Complaint."

Creditors and Summit willfully violated the automatic stay after they filed the Involuntary Petition against it and removed it as manager of the Funds, it is not without recourse to seek damages against Petitioning Creditors and Summit. Moreover, HCRE Partners should have included language specifically permitting it to seek damages under §362 in the proposed BK Dismissal Order which the parties agreed to and submitted to the Bankruptcy Court. HCRE Partners is basically now trying to rectify its own failure to specifically preserve its remedies to pursue damages post-dismissal.

In reviewing the record of the Bankruptcy Court, it is clear that the Court's intent was to limit the scope of any claims that HCRE Partners could bring to claims under §303(i). During the hearing on September 27, 2017, the Bankruptcy Court stated that "the only purpose I retained jurisdiction [in the BK Dismissal Order] was to allow [HCRE Partners] the opportunity to assert any 303(i) claim that [it] thought [it] might have." (Doc. 16-22). The Bankruptcy further stated during the hearing that counsel for HCRE Partners "didn't ask for me to retain jurisdiction for any other purpose." Counsel for HCRE Partners responded during the hearing as follows: "That is true, Your Honor. And at the time I'm not -- I don't know that we were necessarily -- well, we were aware of this issue," [meaning the 362 issue], "but I don't know that at that time, you know, we were necessarily thinking about bringing an adversary action. So you know, I don't think we even had a thought that in terms of that precise procedural issue." Thus, the Bankruptcy Court found that counsel for HCRE Partners was well aware of an issue regarding the filing of an

11

adversary action under §362 when it was issuing its April 18, 2016 BK Dismissal Order, which Order the Court noted was agreed to by the parties, but that he was not thinking of bringing such an action under §362.

The Bankruptcy Court also stated that the broad interpretation which HCRE Partners was attempting to read its Dismissal Order would have allowed it to file any type of action and that this interpretation was clearly not the intent of the Court.

HCRE Partners contends that the Bankruptcy Court failed to address the case law which it alleges holds that a bankruptcy court retains jurisdiction to decide stay violation claims after dismissal of a bankruptcy case. HCRE Partners also states that a stay violation claim is a core proceeding within the exclusive jurisdiction of the bankruptcy court. HCRE Partners argues that the BK Dismissal Order did not have to specifically state that the Court would retain jurisdiction over a §362(k) claim since the court always retains jurisdiction over such a claim even after a bankruptcy case is dismissed, citing to, In re Rodriguez, 2012 Bankr. LEXIS 699, *2 (Bankr. D.N.J. Feb. 22, 2012) ("Courts within the Third Circuit have held that a bankruptcy court retains jurisdiction over a proceeding under 11 U.S.C. §362(k) even after dismissal of the underlying bankruptcy case.").

The Bankruptcy Court addressed these issues at the hearing on Petitioning Creditors and Summit's motion to dismiss. In particular the Bankruptcy Court found that even if had jurisdiction to hear the stay violation claims, "that doesn't mean the Court is without authority to limit you for what

you can bring after dismissal of the case, and that's what I intended to do." In particular, the Bankruptcy Court stated that it could still limit HCRE Partners as to what type of claims it could raise post-dismissal, and explained:

> when I dismissed the case, what I was to allow you to do was to bring a motion for 303(i) damages and nothing else. That was my intention, I will tell you, and I made that clear several times both at the hearing I referred to in June of last year [2016] and to the hearing that was held earlier this year, about a year after that, saying basically the same thing.

HCRE Partners misses the point of the Bankruptcy Court's decision dismissing its 362 Complaint. The Court was not suggesting that the Bankruptcy Code requires the dismissal of a §362 proceeding when the bankruptcy case is closed or that the court was required to specifically state that it was retaining jurisdiction over a §362(k) adversary proceeding when it dismissed the bankruptcy case. Rather, the Bankruptcy Court was interpreting its BK Dismissal Order in light of the history of the case and it found that its intent was to allow HCRE Partners to pursue its damages claims in its pending 303(i) motion and that this motion afforded HCRE Partners an adequate remedy.

Moreover, as Petitioning Creditors and Summit point out in their brief, bankruptcy courts have held that they are not divested of jurisdiction over a §362 proceeding alleging a stay violation which is pending at the time the bankruptcy case is dismissed. Petitioning Creditors and Summit state that the cases relied upon by HCRE Partners are inapposite and that it "cites no authority for its argument that, after a bankruptcy case is dismissed, a

bankruptcy court retains jurisdiction over alleged stay violations claims were the bankruptcy court expressly declines to retain jurisdiction and no proceeding was pending at the time of dismissal." Petitioning Creditors and Summit point out that when the Bankruptcy Court finally dismissed the bankruptcy case, HCRE Partners did not have a §362 claim pending. Further, they state that during the hearing regarding the dismissal of the bankruptcy case, HCRE Partners "was afforded the opportunity to specifically identify the existence of an alleged stay violation claims under Section 362(k) for inclusion within the scope of permitted post-dismissal claims, but it failed to do so."

The court finds that the Bankruptcy Court did not err when it granted Petitioning Creditors and Summit's motion to dismiss HCRE Partners' 362 Complaint. Specifically, the court finds that the Bankruptcy Court did not err in interpreting its Dismissal Order as limiting HCRE Partners to pursue any damages claims post-dismissal against Petitioning Creditors and Summit by filing a §303(i) motion. As discussed, the reasonableness of the Bankruptcy Court's interpretation of its April 18, 2016 Dismissal Order is bolstered by a review of the record in this case. Nor does the court find that HCRE Partners attempt to distinguish its 362 Complaint from its §303(i) motion persuasive since, as the Bankruptcy Court found, its §303(i) motion provides an adequate and available remedy for HCRE Partners to pursue it claims for damages against Petitioning Creditors and Summit for allegedly forcing it out of business.

## IV.   CONCLUSION

Based on the above, the court finds that the Bankruptcy Court did not commit reversible error with respect to its interpretation of its April 18, 2016 BK Dismissal Order finding that it limited HCRE Partners' available remedies to damages under §303(i). Thus, the court will not reverse the Bankruptcy Court's reasonable interpretation of its own Dismissal Order. Accordingly, the Bankruptcy Court's October 19, 2017 Order granting the motion to dismiss of Petitioning Creditors and Summit with respect to HCRE Partners' 362 Complaint and dismissing HCRE Partners' 362 Complaint with prejudice will be **AFFIRMED**. HCRE Partners' appeal, (Doc. 1), will be **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 19, 2018**

O:\Mannion\shared\MEMORANDA - Delaware Cases\17-1555-01.wpd